**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 16-cv-22124-GAYLES

**ALEX NUNEZ, et al.,**
         **Plaintiffs,**

    v.

**AMERICAN AIRLINES, INC.,**
         **Defendant.**
                                 /

## ORDER

**THIS CAUSE** comes before the Court on Defendant American Airlines, Inc.'s ("American") Motion to Dismiss Plaintiffs' Amended Complaint [ECF No. 15]. The Court has carefully considered the parties' briefs, the record in this case, and the applicable law, and is otherwise fully advised in the premises.

According to the allegations in the Amended Complaint, each of the twenty-two Plaintiffs in this matter is an employee of American represented by the Transport Workers Union of America, AFL-CIO ("TWU"). Am. Compl. ¶¶ 4-25. The Plaintiffs' employment is governed by a collective bargaining agreement ("CBA"), which outlines procedures for grieving alleged violations of the CBA. *Id.* ¶ 27. In accordance with the Railway Labor Act, 45 U.S.C. § 151 *et seq.* ("RLA"), American and TWU established a System Board of Adjustment (the "Board"), which has exclusive jurisdiction to settle all disputes arising from the CBA. *Id.* ¶¶ 30-31.

In September 2011, a local district of TWU filed a grievance on behalf of the Plaintiffs, asserting that American violated the Plaintiffs' rights under Article 16(e) of the CBA by not allowing the Plaintiffs to continue to accrue occupational seniority upon returning to the payroll following a layoff. *Id.* ¶¶ 32-33. The Plaintiffs asserted that American miscalculated their occupational seniority dates. *Id.* ¶ 33. The parties could not resolve the grievance and TWU invoked arbitra-

tion. *Id.* ¶ 34.

The Board heard the grievance in a full hearing in April 2014. *Id.* ¶ 35. In May 2015, the Board's neutral ruled that American had violated Article 16(e) of the CBA by not allowing the Plaintiffs, who had been laid off as aviation maintenance technicians ("AMTs"), to accrue occupational seniority as AMTs for periods of time they remained on American's payroll in other positions. The Board issued an award requiring American to make the Plaintiffs whole by adjusting their occupational seniority to reflect the time they spent in other positions with American. *Id.* ¶¶ 36-41.

The Plaintiffs filed this action on September 6, 2016, seeking to confirm the Board's award, alleging that American has not adjusted their occupational seniority in accordance with the award. On October 31, 2016, American filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Plaintiffs lack subject matter jurisdiction.

"The burden for establishing subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a basis for subject matter jurisdiction." *Id.* at 1251. "When considering such challenges, the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). By contrast, a factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered.'" *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). Where the attack is factual "no presumptive truthfulness attaches to [a] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits

of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).[1] The parties agree that American advances primarily a facial challenge to the Plaintiffs' Amended Complaint.

Accepting the Plaintiffs' allegations as true, the Court finds that they have sufficiently stated a basis for the Court's subject matter jurisdiction. In analyzing a facial attack such as American's under these circumstances, the Court must determine whether the Plaintiffs are "alleg[ing] specific violations of the awards" or whether they are instead "simply requesting the Court to confirm the awards as a matter of course." *Int'l Bhd. of Teamsters v. Amerijet Int'l, Inc.*, 904 F. Supp. 2d 1278, 1288 (S.D. Fla. 2012), *rev'd on other grounds*, 604 F. App'x 841 (11th Cir. 2015). The Court finds that the Plaintiffs have stated such a specific violation, by alleging that American has failed to abide by the Board's decision requiring it to adjust the Plaintiffs' seniority. American attempts to characterize this allegation as a legal conclusion (which the Court would not be required to accept when analyzing a facial attack), yet the Court questions how American would suggest the Plaintiffs more specifically allege the negative proposition that American has not complied with the arbitration award ordering it to adjust the Plaintiffs' seniority. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant American Airlines, Inc.'s Motion to Dismiss [ECF No. 9] is **DENIED**.

Defendant shall **ANSWER** the Amended Complaint by **May 9, 2017**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of April, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).